Opinion filed March 6, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 6,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00224-CR 

                                           __________

 

                                      MANUEL ALEMAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones
County, Texas

 

                                                     Trial
Court Cause No. 9349

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Manuel
Aleman was indicted for aggravated assault.  He pleaded guilty and waived a
jury trial.   The trial court deferred any finding of guilt for a period of
eight years and assessed a fine of $3,000.  The State subsequently filed a
motion to proceed with adjudication of guilt.  Aleman pleaded not true, and the
trial court conducted a hearing.  The trial court found that the allegations
were true, found Aleman guilty of aggravated assault, and continued the case
for assessment of punishment.           








Aleman
testified during the punishment hearing and asked the trial court for a second
chance on probation.  During final arguments, Aleman=s counsel stated that his client had been
trying to deal with a drug problem by attending NA and AA meetings and that he
was willing to avail himself of any assistance that the trial court would offer
with regard to SAFP or other structured settings.  Counsel then said that
Aleman Awould like to
remain on probation to prove to the Court that he has changed his ways@ and asked the court Ato reinstate Mr. Aleman.@  The State argued in
response that Aleman was not eligible for regular community supervision because
he had been convicted of a 3g offense.[1]  The trial
court made a deadly weapon finding and assessed Aleman=s punishment at twelve years confinement.  We
affirm.

Aleman
argues that his trial counsel was constitutionally ineffective by requesting a
modification of his deferred adjudication to regular community supervision. 
Aleman contends that this request demonstrates an inadequate knowledge of the
law because he was ineligible for community supervision.  Aleman concludes
that, but for this request, Athe
results at punishment may have been less than the twelve year sentence assessed
by the Court.@

In
order to determine whether trial counsel rendered ineffective assistance at
trial, we must first determine whether Aleman has shown that counsel=s representation fell below
an objective standard of reasonableness and, if so, then determine whether
there is a reasonable probability that the result would have been different but
for counsel=s errors. 
Strickland v. Washington, 466 U.S. 668, 694 (1984).  In assessing
counsel=s performance,
we must make every effort to eliminate the distorting effects of hindsight, to
reconstruct the circumstances, and to evaluate the conduct from counsel=s perspective at the time. 
We must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Aleman must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  








Aleman
has not satisfied either prong of the Strickland test.  His trial
counsel=s argument was
not a request that his deferred adjudication be modified to regular community
supervision but was a broader request that the court consider any type of
structured environment short of incarceration.  This was not unreasonable. 
Because Aleman had already been adjudicated guilty of aggravated assault with a
deadly weapon, the trial court lacked the authority to order regular community
supervision, but it had other options short of incarceration.  

Furthermore,
the record contains no indication that this request played any part in Aleman=s sentence.  Not only had
Aleman admitted to committing aggravated assault, the court also found that he
had violated several conditions of his deferred adjudication.  During the
punishment hearing, the court heard undisputed evidence that, shortly after
being placed on deferred adjudication, Aleman was charged with stealing a
television set from a former sister-in-law; that he was under indictment for
possession of cocaine and was guilty of that charge; that he stole power tools
from a friend he was living with and pawned them; and that, in connection with
one of his arrests, the police searched his car and found cocaine, marihuana
residue, a cylinder pipe and silver tube burned on both ends, and a silver
scale with a clip.  Finally, Aleman admitted to skipping out on his probation
and running.

Because
Aleman pleaded guilty to a second degree felony, he faced incarceration of up
to twenty years for the aggravated assault charge alone. When that conviction
is coupled with the numerous violations of the conditions of deferred
adjudication, the other criminal offenses Aleman committed while on deferred
adjudication, and the fact that he began committing other crimes almost immediately
after being placed on deferred adjudication, the twelve-year sentence Aleman
received discounts rather than supports an ineffective-assistance-of-counsel
argument.  There is no reason to believe that trial counsel could have obtained
a more favorable sentence with a different closing argument.  Aleman=s issue is overruled.

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

March 6, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]See Tex. Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(2) (Vernon Supp. 2007).